UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN ~ NORTHERN DIVISION

SATURATION SERVICES, L.L.C,

    Plaintiff,

v.

BALLARD MARINE CONSTRUCTION, LLC,

    Defendant.

CASE NO. _____

HON. _____

**PLAINTIFF'S VERIFIED**
**COMPLAINT AND JURY DEMAND**

---

A CIVIL ACTION BETWEEN THESE PARTIES OR OTHER PARTIES ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT HAS BEEN PREVIOUSLY FILED IN THE UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION. THE DOCKET NUMBER AND JUDGE ASSIGNED TO THE ACTION ARE: 2:21-CV-00231, HONORABLE HALA Y. JARBOU. THE ACTION REMAINS PENDING.

NOW COMES Plaintiff, Saturation Services, L.L.C., through its attorneys, HOWARD LAW GROUP, and for its Verified Complaint against Defendant, Ballard Marine Construction, LLC states as follows:

**JURISDICTION**

1. Plaintiff, Saturation Services, L.L.C. ("Saturation Services") a Louisiana limited liability company, has its principal place of business in Lafourche Parish, Louisiana.

2. Saturation Services provides technical support, specialized labor and services, furnishes material, specialized equipment, machinery, tools and supplies, as needed, procures specialized third party services, to provide saturation diving systems for commercial diving operations/services, portable saturation diving systems, specialized services pertaining to Diving Systems, testing and certification of diving plant and equipment in support of commercial diving operations to be compliant with applicable industry customs, practices and standards, the

Consensus Standards of the Association of Diving Contractors International (ADCI,) ASME Safety Standard for Pressure Vessels for Human Occupancy (PVHO), regulations of the United States Coast Guard and OSHA, for technical compliance and diver safety, to include, amongst other, applications for installation, operation, maintenance, repair pertaining to oil or gas wells, oil or gas pipelines, equipment relative thereto and/or other saturation diving applications.

3. Defendant Ballard Construction, LLC (hereinafter "Ballard"), is a Delaware limited liability company with its principal place of business in the State of Washington. Ballard has a business presence in and conducts substantial business in the State of Michigan. On information and belief at all times relevant, Ballard Marine Construction, Inc.; Traylor Construction Group, Inc; Juniper Ballard Investco, L.P. are principals, shareholders and/or owners of Ballard.

4. Pursuant to 28 USC §1332 this Court has subject matter jurisdiction based on diversity.

5. The amount in controversy is in excess of $75,000, exclusive of costs and interest, and the dispute is between citizens of different states.

**VENUE**

6. Defendant Ballard entered into a construction services contract with Enbridge Entergy, Limited Partnership, Enbridge Energy Company, Inc., Enbridge Energy Partners, L.P., Enbridge Pipelines (Lakehead) L.L.C. and/or affiliates thereof, (collectively, "Enbridge"), for work done on what is generally considered Line 5 in the State of Michigan.

7. Said work would have been with reference to Line 5, which is laid in and runs through the portions of Mackinac County, Michigan, and crosses the northern shore of the Straits of Mackinac ("Straits"), enters into and crosses the Straits between Michigan's Upper and Lower

Peninsulas, crosses the southerly shoreline of the Straits and runs through the Wawatam Township, Emmet County, Michigan and Cheboygan County, Michigan, continuing thereafter.

8. Further, that the property and equipment referenced in this Complaint owned by Plaintiff, improperly converted by Defendant, currently is located in Escanaba, Michigan.

9. That venue is proper in the United States District Court for the Western District of Michigan Northern Division.

## COUNT I ~ COMMON LAW AND STATUTORY CONVERSION PURSUANT TO MCL 600.2919

10. Plaintiff hereby incorporates the foregoing paragraphs as is fully set forth herein.

11. From June to through 24 September, 2021, Plaintiff provided the following equipment/items (hereinafter "Items") owned by Plaintiff for use by Defendant:

- Diving Bell (SDC);
- Main Chamber;
- HRC (Hyperbaric Rescue Chamber);
- Launch and Recovery System;
- Life Support Package. (**Exhibit 1**).

12. Further, certain Items were subleased from third parties. They are as follows:

- Equipment Van;
- Reclaim Bell Equipment;
- Main Winch;
- Guide Weight Wench;
- HPU. (See **Exhibit 1**).

13. Defendant entered into an Equipment Lease with Plaintiff pertaining to the said items described in paragraph 11, above, and the equipment described in paragraph 12, above.

3

14. Defendant gained possession of and utilized said Items from June through 24 September 2021.

15. Defendant was required to return said Items at the conclusion of their use. In fact, upon information and belief, those Items subleased (paragraph 12) (equipment van, etc.), were returned by Defendant.

16. Plaintiff has demanded return of said Items described in paragraph 11.

17. Instead of returning the Items to Plaintiff, Defendant, without notice to or permission of Plaintiff, instead moved the Items to Escanaba, Michigan, and on information and belief, moved certain components and/or contents of the Items to Neenah, Wisconsin. On information and belief, the said Items including certain components and/or contents thereof are in the possession of Defendant.

18. Prior to/during the legal proceedings between the parties, Defendant continues to refuse to return the Items, and instead have indicated they would not return the Items until Plaintiff has paid certain funds to the Defendant for work done on the Items owned by the Plaintiff, work allegedly done on Items owned by Plaintiff and work an equipment owned by Third Parties.

19. Defendant's actions of refusing to return the Items owned by Plaintiff and instead making claim for payment (ransom) by Plaintiff to Defendant, are in violation of both Michigan common law and statutory law. See *Aroma Wines & Equip, Inc. v Columbian Distrib Servs*, 303 Mich App 441, 844 NW2d 727 (2013) *aff'd*, 497 Mich 337, 871 NW2d 136 (2015).

20. Pursuant to MCL 600.2919(a)(1), a person damaged as a result of either or both of those violations may recover three times the amount of actual damages sustained, plus costs and reasonable attorney fees.

21. Defendant has unlawfully taken and asserted dominance over the Items owned by Plaintiff.

22. The acts described above constitute unlawful conversion of Plaintiff's property, resulting in damages to Plaintiff substantially exceeding three million dollars.

23. Defendant has refused and continues to refuse to return the Items to the Plaintiff.

24. Pursuant to Michigan law, Plaintiff is entitled to receive the highest market value the property attains from the time of the conversion forward, or the loss of the value of the goods suffered by the owner as a result of and/or during the time of the conversion.

25. Plaintiff's unique and special purpose property herein (Items) are utilized in the Gulf of Mexico and other worksite venues on a continuous 365 day a year calendar.

26. Thus, Plaintiff has lost the use of these Items continuously since October 2021, continuing into 2022, until said Items are returned by Defendant.

27. Further, Plaintiff has been approached by several interested customers to lease the Items integral to Plaintiff's saturation system and others regarding the purchaser of the Items with a potential value of between four and six million dollars and/or replacement value in excess of eight million dollars.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment against Defendant in favor of Plaintiff, for the damages suffered by Plaintiff (three times the actual damages actually sustained, plus costs and reasonable attorney fees), pursuant to Michigan law, MCL 600.2919(a).

Respectfully submitted,

Dated: 2/3/22

/s/ *[signature]*
William D. Howard
HOWARD LAW GROUP

5

25 Ionia Avenue SW, Suite 230
Grand Rapids, MI 49503
616.235.6000
bhoward@howardlawgr.com

Of Counsel:
Ralph E. Kraft, LBN #7918
Bryan E. Lege, LBN #26378
KRAFT LEGE LLC
Chase Tower
600 Jefferson Street, Suite 410
Lafayette, LA 70501
337.706.1818
rek@klalawyers.com
bel@klalawyers.com
Attorneys for Saturation Services, L.L.C.

## JURY DEMAND

NOW COMES Plaintiff, Saturation Services, L.L.C., through its attorneys, HOWARD LAW GROUP, and hereby demands a trial by jury in the above captioned matter.

Respectfully submitted,

Dated: 2/2/22

/s/ _____
William D. Howard
HOWARD LAW GROUP
25 Ionia Avenue SW, Suite 230
Grand Rapids, MI 49503
616.235.6000
bhoward@howardlawgr.com

Of Counsel:
Ralph E. Kraft, LBN #7918
Bryan E. Lege, LBN #26378
KRAFT LEGE LLC
Chase Tower
600 Jefferson Street, Suite 410
Lafayette, LA 70501
337.706.1818
rek@klalawyers.com
bel@klalawyers.com
Attorneys for Saturation Services, L.L.C.

## VERIFICATION

STATE OF LOUISIANA

PARISH OF LAFAYETTE

I, Michael F. Ehlers, declare:

1. I am a member and General Manager of Saturation Services, L.L.C.

2. I have personal knowledge of the factual statements and allegations in the foregoing Verified Complaint, and if called on to testify, I would competently testify as to the matters stated there.

3. I have read the allegations of the foregoing Verified Complaint, know the contents thereof and that the same are true and correct to the best of my knowledge, information and belief.

4. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the **2** day of February, 2022.

By: /s/ *Michael F. Ehlers*

Michael F. Ehlers

SUBSCRIBED AND SWORN TO BEFORE ME on the **2nd** day of February, 2022, by Michael F. Ehlers.

_____
Notary Public

LA Bar No./Notary ID No.: **07918**

7